19-3211-cv
Dollinger v. New York State Insurance Fund

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand twenty.

PRESENT:   RAYMOND J. LOHIER, JR.,
                     MICHAEL H. PARK,
                              *Circuit Judges*,
                     JED S. RAKOFF,
                              *Judge*.*

------------------------------------------------------------------

ROBERT A. DOLLINGER,

     *Plaintiff-Appellant*,

     v.                                                                    No. 19-3211-cv

NEW YORK STATE INSURANCE FUND,

     *Defendant-Appellee*,

---

* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

NYSIF BOARD OF COMMISSIONERS, WILLIAM O'BRIEN, PETER CUSICK, JAMES FEHRER, CHARLES BROWNING, SCOTT ENGLEHART, AKA SCOTT ANGLEHART, MARK KENYON, HEATHER WOOLFOLK, JOSEPH MULLEN, ALYCE SIEGEL, SUSAN LEFKOWITZ, JOHN MASSETTI, JOE NOLTE, THOMAS RACKO, TINA CHRISTIANO, ROBERT VERHAYDEN, MARK GALLO,

*Defendants*.

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:             Robert A. Dollinger, *pro se*, Kirkwood, NY

FOR DEFENDANT-APPELLEE:             Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, Joseph M. Spadola, Assistant Solicitor General, of Counsel, *for* Letitia James, Attorney General, State of New York, Albany, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Robert Dollinger, proceeding pro se, appeals from orders of the United States District Court for the Northern District of New York (D'Agostino, J.),

2

dated October 9, 2018 and September 26, 2019, which became final in a judgment entered September 26, 2019. The October 9, 2018 order dismissed Dollinger's claims for sexual orientation discrimination and retaliation under Title VII, 42 U.S.C. § 2000e et seq., and the September 26, 2019 order granted summary judgment in favor of Dollinger's employer, the New York State Insurance Fund (NYSIF), as to Dollinger's claim of a hostile work environment in violation of Title VII.[1] We assume the parties' familiarity with the underlying facts and prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Dollinger appeals the District Court's dismissal pursuant to Federal Rule of Civil Procedure 12(c) of his claims of sexual orientation discrimination and retaliation in violation of Title VII. "We review de novo the dismissal of claims pursuant to a Rule 12(c) motion for judgment on the pleadings, accepting the

---

[1] We conclude that the language in Dollinger's notice of appeal, though very general, nonetheless gave NYSIF sufficient notice that Dollinger meant to appeal the District Court's judgment of September 26, 2019. Because earlier orders in a proceeding are ordinarily deemed to merge with the judgment for the purpose of permitting appellate review, see Shannon v. Gen. Elec. Co., 186 F.3d 186, 192 (2d Cir. 1999), we understand Dollinger's appeal to encompass the two orders mentioned above.

allegations in the amended complaint as true and drawing all reasonable inferences in favor of the plaintiff." Deravin v. Kerik, 335 F.3d 195, 200 (2d Cir. 2003) (quotation marks omitted). For substantially the reasons stated by the District Court in its October 9, 2018 order, we conclude that the District Court correctly dismissed Dollinger's claims of discrimination and retaliation in violation of Title VII.

Dollinger also appeals the District Court's grant of summary judgment dismissing Dollinger's claim of a hostile work environment in violation of Title VII. We review orders granting summary judgment de novo, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor. See Sotomayor v. City of New York, 713 F.3d 163, 164 (2d Cir. 2013). Summary judgment is appropriate if "there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Id. (quoting Fed. R. Civ. P. 56(a)).

Dollinger principally raises two arguments on appeal in connection with his hostile work environment claim. First, Dollinger argues that the District Court erred in relying on Dollinger's deposition testimony to establish that

4

Dollinger's allegations that he received sexually graphic and offensive images in the workplace were untimely. Second, Dollinger characterizes the discriminatory conduct he suffered as "ongoing," which we construe as a challenge to the District Court's holding that the continuing-violation doctrine does not render timely Dollinger's otherwise time-barred allegations. For substantially the reasons stated by the District Court in its September 26, 2019 order, we conclude that Dollinger's allegations relating to the images he received in the workplace were untimely and that the continuing-violation doctrine does not apply to extend the limitations period here.[2]

---

[2] While we "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017), we "normally will not[] decide issues that a party fails to raise in his . . . appellate brief," Moates v. Barkley, 147 F.3d 207, 209 (2d Cir. 1998). Accordingly, we need not address the balance of the District Court's hostile work environment analysis.

We have considered Dollinger's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court